**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**
**v.**                                                  **CASE NO: 2:17-cr-18-KS-MTP**

**EDWARD L. DONALDSON, ET AL**

## ORDER

THIS CAUSE IS BEFORE THE COURT on Motion [61] by Edward L. Donaldson, et al to modify this Court's Memorandum and Order [33] as it pertains to the fifth annual sampling of deer from the property of Movants In the Court's Order [33] a five-year quarantine was imposed on Turkey Trot, the high fence facility owned and/or operated by Movants. Four years of the sampling have been successfully completed, and Movants seek to modify the fifth annual sampling to the extent that the actual harvesting (shooting with guns or bows and arrows) be done by Movant's family, including children and grandchildren, instead of officers of the MDWFP. The Motion is objected to by United States [63]. A rebuttal [64] was filed by Movants.

The Court noting the limits of the request and time factors, including the deer seasons that have been previously set, requested a conference call with the attorneys to discuss the Motion. The argument from the Government is that the testing, as ordered by the Court, has been successful and smoothly done by the officers of the MDWFP. The argument from the Movants is that it would be cost effective and save the Department money if the Department did not need to deploy its agents to conduct this testing. Also, travel and lodging expenses would be saved. Also, the Movants argued that the family members (specifically children and grandchildren) of Movants desire to, and could effectively, conduct the sampling.

The Court considered the smoothness of the prior samplings, the expenses and sums paid by Movants as sanctions, and the cooperation and good relationship between Movants and officers of the MDWFP. The Court also considered the fact that the family members of Movants have been restricted from harvesting deer because of this Court's Order and the samplings that were required. Enjoying the outdoors and harvesting deer during recreational and legal hunts is an important asset to the State of Mississippi, and encouraging such activities are beneficial to the participants and to the citizens at large. In fact, the Mississippi Department of Wildlife, Fisheries and Parks promotes recreational hunting, licenses people to do such, and the general economy of the State benefits from such activities.

The only modification sought is that the actual shooting of the deer for the sampling be done by the family members of Movants as opposed to the officers of the Mississippi Department of Wildlife, Fisheries and Parks, and the Court finds that said modification should be allowed. The harvesting will still be supervised by the officials of the Mississippi Department of Wildlife, Fisheries and Parks, and the Movants have agreed to cooperate, and assist said officer or officers in the same manner as in the prior four samplings. The Court finds that during the sampling periods and the plannings for same should be conducted at agreeable times and in an agreeable manner, and always subject to the oversight of the Mississippi Department of Wildlife, Fisheries and Parks. Except as to the above modification the Court's prior Order [33] remains in effect.

NOW, THEREFORE, IT IS HEREBY ORDERED that this Court's Order [33] is modified to provide that the actual taking of the deer for the sampling provided in the Order will be allowed to be done by the family members of Movants. Supervision of same and all other provisions of the prior Order shall remain in full force and effect.

2

SO ORDERED this the ___29th___ day of November, 2022.

_____s/Keith Starrett_____
UNITED STATES DISTRICT JUDGE